## In re American–Italian Club of Farrell

*Joseph H. Broscoe*, for applicants.

*Alvin R. Isenberg* and *Samuel Chiccarino*, for protestants.

ROWLEY, P. J., January 24, 1944.—This is an application for a charter for a nonprofit corporation.

On March 1, 1943, the articles of incorporation were presented to the court. Twelve incorporators signed the articles, which recited that the signers were residents of Pennsylvania and citizens of the United States. The application had previously been advertised as required, and it included necessary acknowledgments.

The articles contained the following statement of purposes:

"A. To promote political education amongst the members;

"B. To educate the members in the principles of our Government by means of discussions conducive to the literary, educational, and mental development, and social entertainment of its members;

"C. For acquiring and holding club rooms, to lease, buy, or sell real estate, furniture, equipment, and commodities, to be used in furthering the purposes of the organization."

We referred the application to Emrys G. Francis, Esq., as master, to inquire as to the propriety of granting the application.

Incorporation of the petitioners was protested by The First Italian Social Club and the United Christopher Columbus Italian Benevolent Society of Farrell, Pa., nonprofit corporations.

The protests urged were, in substance:

"The name of the proposed corporation is deceptively similar to the names of protestants"; the incorporation "would cause confusion in the minds of the residents of the community in that the names are deceptively similar"; the incorporation "would weaken and endanger the moral and financial status of protestants"; the incorporation "would tend to disrupt the

spirit of harmony and good will among the residents of the community of Italian extraction, who during the past forty years have been represented by your protestants; and through whom the said residents have expressed their community view and made their joint contributions toward better government."

The master held several hearings at which witnesses both for the applicants and the protestants were heard.

The testimony thus developed was filed with the master's report. From the testimony the master made the following findings of fact:

1. The members of the proposed corporation are men of good character, honest intentions, and loyal to the Government of the United States;

2. They have no purpose in the organization of the proposed corporation which is inimical or injurious to the community, the State, or the Federal Government;

3. They possess necessary facilities suggested to carry out the purposes of the club;

4. Though the financial status of the proposed corporation is not particularly sound at the present time, dues for membership necessary to carry on a greater program, if necessary, will be collected.

In a comprehensive opinion the learned master reviewed the substance of the testimony. This opinion considered each point raised by protestants and discussed in detail each authority cited by the latter.

Earlier statutes for the incorporation of nonprofit corporations limited by express specification the purposes for which incorporation was permitted, and courts were required to find that the purpose of a particular incorporation was within the specified purposes. But the Nonprofit Corporation Law of May 5, 1933, P. L. 289, liberalized the statutory requirements in many respects.

Section 201 of that act provides:

"Five or more natural persons of full age and of either sex, married or single, at least three of whom are residents of the Commonwealth and citizens of the United States, its territories or possessions, may form a nonprofit corporation under the provisions of this act for any purpose or purposes which are lawful and not injurious to the community."

The statute prescribes in section 207 that the articles of incorporation shall be presented to the court and that "If the court shall find the articles to be in proper form and within the provisions of this act, and the purpose or purposes given in the articles to be lawful and not injurious to the community, the court shall so certify on the articles . . . otherwise, the court shall refuse the application for a charter."

Thus it clearly appears that the statute circumscribes the power of the court within narrow limits.

Protestants complain that applicants have not complied with section 217 of the Nonprofit Corporation Law.

The aforementioned section requires that, in the case of the incorporation of an unincorporated association, society, league, or club as a nonprofit corporation, a copy of the constitution and bylaws of the association shall be attached to the articles, accompanied by an affidavit of at least three incorporators stating that the purpose or purposes set forth in the articles are the same as those of the unincorporated association, and the incorporators constitute a majority of the members of a committee authorized to incorporate such association by the requisite vote required by the organic law of the association for the amendment of such organic law.

It is obvious that the purpose of the foregoing provisions was to prevent the incorporation of an association

in violation of the constitution and bylaws of the association.

The provision was the recognition of a new concept of law that an unincorporated association is an entity. This is a departure from the common-law theory.

Every group of individuals does not constitute an unincorporated association.

In our opinion the section referred to above applies to a cohesive group operating as an entity, distinct from the individuals who compose it, in pursuance of a constitution and bylaws. By virtue of the constitution and bylaws the members of an unincorporated association acquire certain rights and liabilities which would undoubtedly be affected, for good or ill, by incorporation. Hence a change in such rights and liabilities ought to be permitted only in accordance with the bylaws by which they have elected to be bound in accepting membership.

We regard the instant applicants as individuals lacking even the cohesion which follows the adoption of bylaws.

We have no hesitation in finding that the articles are in proper form and within the provisions of the statute.

There is nothing in the articles or in the testimony that would warrant the court in declaring that the purpose or purposes are unlawful or injurious to the community.

In view of the clear and comprehensive discussion contained in the report of the master, we deem it unnecessary to reiterate what is so well said therein.

Accordingly we have this date entered a decree of incorporation.